# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CRIMINAL NO. 07-00260-WS |
| ) | |
| REBECCA ANN STAUDER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on the defendant's motion for bail pending appeal, (Doc. 34), and on the defendant's motion for postponing surrender date. (Doc. 40). The government has responded, (Docs. 38, 43), and the motions are ripe for resolution.[1]

As set forth in a previous Court order, (Doc. 39), among the statutory requirements for granting release pending appeal is a finding that the appeal raises a substantial question likely to result in reversal, a sentence without imprisonment, or a sentence shorter than the anticipated duration of the appeal. 18 U.S.C. § 3143(b)(1)(B). The defendant executed a plea agreement containing an expansive appeal waiver, and she acknowledges that, if her appeal is barred by that waiver, there can be no likelihood of success on appeal. She notes, however, that the plea agreement permits her to appeal any sentence "in excess of the statutory maximum," and she argues that she falls within this provision because her sentence "was in excess of the statutory maximum *had the guidelines been calculated correctly*." (Doc. 41 at 8 (emphasis added)).

---

[1] The defendant's voluntary surrender date is July 24, 2008. (Doc. 40). Her motion to postpone that date was nominally filed on July 16, 2008 (presumably some time after she was advised of the date), but the motion was improperly scanned so as to cut off portions of the document (a recurrent issue with counsel, whose failure to participate in the district's mandatory electronic filing system is unexplained) and, despite repeated communications from the Clerk's office, the defendant did not correct the error until July 23, 2008. Consequently, the motion was not referred to the undersigned until that date. At no time did the defendant request an expedited ruling.

"Absent some indication that the parties intended otherwise, when an exception to an appeal waiver is stated in terms of a sentence imposed in excess of the statutory maximum, those terms should be given their ordinary and natural meaning.  Ordinarily and naturally, 'statutory maximum' ... refer[s] to the longest sentence that the statute which punishes a crime permits a court to impose ....." *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005).  The defendant offers no indication that the parties intended the term "statutory maximum" to mean anything other than the longest sentence authorized by statute.

The defendant pleaded guilty to Count One, which charged bank fraud under 18 U.S.C. § 1344.  Violation of that statute exposes a defendant to "imprisonment not more than 30 years." *Id*.  The defendant was sentenced to 33 months, well below the statutory maximum.

The defendant notes that other courts have implied exceptions to appeal waivers for sentences based on race or tainted by ineffective assistance of counsel, (Doc. 41 at 9), but she makes no such allegation in this case.

Finally, the defendant appears to argue that the Court announced at sentencing that she could appeal from a sentence based on an erroneous guideline calculation.  (Doc. 41 at 8-9).  What the Court actually said concerning appeal was, "You can appeal your conviction if you believe that your guilty plea was somehow unlawful or involuntary or if there's some other fundamental defect in the proceedings not waived by your guilty plea or your plea agreement." (Doc. 36, Attachment 2 at 24).  The Court also addressed the defendant's right to apply for leave to appeal in forma pauperis, for the clerk to prepare and file notice of appeal upon request, and the deadline for filing a notice of appeal.  (*Id*. at 24-25).  None of this language remotely addresses, much less creates, a right to appeal a sentence based on guideline error.

Because the defendant's appeal is barred by her appeal waiver, her appeal cannot be likely to result in reversal, a lower sentence, or no imprisonment.  Accordingly, she

cannot satisfy Section 3143(b), and her motions for bail pending appeal and to postpone surrender date are **denied**.

DONE and ORDERED this 24th day of July, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
