IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 07-00260-WS |
| | ) | |
| REBECCA ANN STAUDER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on the defendant's motion for reconsideration. (Doc. 49). The motion is in most respects a verbatim repetition of the defendant's motion for bail pending appeal, (Doc. 34), the order denying which the defendant seeks to revisit. This portion of the motion for reconsideration is due to be denied for the reasons set forth in the Court's previous order. (Doc. 44).

The motion for reconsideration's only variation from the original motion is the assertion that her appellate issues now include that counsel rendered ineffective assistance with respect to conviction and sentencing. (Doc. 49 at 9-11). Such a claim would not be, as are her other appellate claims, barred by her appeal waiver. (Doc. 44). However, such a claim would not "rais[e] a substantial question of law or fact likely to result in" reversal, a sentence without imprisonment, or a sentence shorter than the anticipated duration of the appeal, as required by 18 U.S.C. § 3143(b)(1)(B).

"We will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim or develop a factual record." *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). The Court did not entertain an ineffective assistance claim, nor is the factual record developed. The defendant claims she pleaded guilty based on erroneous information from counsel concerning the length of her potential sentence, (Doc. 49 at 9), but there is no factual record to support the claim. Likewise, she claims counsel did not adequately investigate

and prepare for the sentencing hearing, (*id.*), but the factual record has not been developed, as she concedes in her statement that she "believes and will rpove [sic]" the claim. (*Id.* at 10). To the extent the defendant suggests counsel did not argue at sentencing for a lower guideline range based on the amount of loss and criminal history, (*id.* at 4-8, 10), the record affirmatively disproves the argument. (Doc. 36, Sentencing Transcript at 3-9).

"[A] 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985). Given that the record concerning the defendant's claim of ineffective assistance is undeveloped and/or affirmatively disproves her argument, the claim does not present a substantial question under this definition.

For the reasons set forth above, the motion for reconsideration is **denied**.

DONE and ORDERED this 3rd day of November, 2008.

                                                                 s/ WILLIAM H. STEELE
                                                                 UNITED STATES DISTRICT JUDGE